IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN REMELIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 15-cv-0553-MJR-SCW |
| | ) |
| VAISALA INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

John Remelius worked as a field service engineer for Vaisala, Inc., from July 2011 to November 2014. Vaisala is in the business of providing environmental and industrial measurement services to meteorological outfits, aviation entities, and road authorities, and the company's field engineers install and service the company's atmospheric sensing equipment for those customers. Based on a 2008 outside audit of its positions, a 2009 inquiry by its outside counsel, and a 2013 review by the Department of Labor, Vaisala was of the view that its field engineer positions were exempt from overtime pay under the Fair Labor Standards Act, as the job qualified as a "learned professional" post. After his departure from the company, Remelius came to disagree with that assessment, and filed suit in this Court claiming that Vaisala violated the Act by not paying him overtime during his time with the company. He sought unpaid overtime for a three-year period and asked for liquidated (read: double) damages under the Act.

1

The case proceeded through discovery, and Vaisala has since moved for partial summary judgment on a few damages-related points. It insists that liquidated damages and a three-year recovery period are both improper because Vaisala relied on an outside expert, its outside counsel, and the Department of Labor's audit to come to the conclusion that its field service engineers were exempt from overtime, meaning that Vaisala's decision to classify the position as exempt was reasonable, was made in good faith, and wasn't willful. It also maintains that the fluctuating work week method of calculating damages should be applied here. Remelius concedes the last point but contests the first two, claiming that issues of fact preclude summary judgment on the double damages point and the three-year recovery period. Vaisala's motion for partial summary judgment on damages is now before the Court for review.

Summary judgment is proper on one or more of a party's claims if the evidence shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. ***Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014).** In evaluating whether there is a genuine issue as to a material fact, the Court must construe the facts in the light most favorable to the non-movant, and draw all legitimate inferences and resolve doubts in favor of that party. ***Nat'l Athletic Sportswear, Inc.*, 528 F.3d 508, 512 (7th Cir. 2008).** If after doing so no reasonable factfinder could find for the non-movant on his claim, summary judgment on that claim is proper; if the factfinder could rule for the non-movant on that claim, it must proceed. ***Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994).**

The lion's share of Vaisala's motion goes to whether a Remelius has a reasonable shot at obtaining liquidated damages under the Fair Labor Standards Act on the facts of this case, so the Court will start there.  The Fair Labor Standards Act originally made liquidated damages mandatory, but Congress changed things when it passed the Portal-to-Portal Act of 1947.  *See Walton v. United Consumers Club, Inc.*, **786 F.2d 303, 311-12 (7th Cir. 1986).**  Section 11 of the Portal-to-Portal Act allowed an employer to avoid what was once mandatory damages if it showed "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had a reasonable grounds for believing that [its] act or omission was not a violation of the Fair Labor Standards Act."  **29 U.S.C. § 260.**  The adjustment only changed a rule to a presumption—double damages are still the norm, single damages the exception, with the burden resting on the employer to show that it acted reasonably and in good faith and thus should avoid the imposition of double damages.  *E.g., Bankston v. State of Ill.*, **60 F.3d 1249, 1254 (7th Cir. 1995);** *Walton*, **786 F.2d at 311-12.**

To show that there is no material issue of fact as to its reasonableness and good faith, Vaisala first points out that it hired an independent auditor to review its exemption classifications in 2008, and that auditor found that the field service engineer position was properly classified as exempt from overtime pay under the Fair Labor Standards Act.  While that kind of evidence is certainly persuasive, there's a potential hole in Vaisala's independent audit that casts just enough doubt as to the company's good faith to preclude the entry of summary judgment.  To avail itself of good faith, an employer must provide full and honest disclosure to its expert, *Koellhoffer v. Plotke-*

3

*Giordani*, 858 F. Supp. 2d 1181, 1193 (D. Colo. 2012), and giving Remelius all reasonable inferences from the facts, there's some doubt on that here.  In 2009, about a year after the outside auditor finished his audit, Vaisala's human resources manager received a question from one of the company's field service engineers about the engineer exemption.  The manager emailed the question to the outside auditor and asked for his thoughts, and the auditor said that his exemption decision in 2008 was a close call for the field engineer position given the variability in job duties among companies for those posts and the fact that Vaisala's job description for field engineers was a bit vague.  That said, the auditor found that the exemption was proper because he was told by Vaisala management that an employee really needed to be a "graduate engineer" to fulfill the requirements of a field engineer at the company, and fourteen out of Vaisala's seventeen field engineers were indeed "graduate engineers."  The rub is that the record suggests that, at the time of the audit, approximately three engineers had bachelor's degrees and some ten had associates degrees.  If those in the know in the field, both on the audit side and the company side, would have taken "graduate engineers" to mean anyone with a college degree in an area touching on engineering, then management's statement to its own auditor might not have been wrong or might not have been the kind of slip-up that would have made any difference to the expert, and Vaisala's good faith would likely be intact.  However, if those in the field would have regarded questions and answers about "graduate engineers" as meaning those with engineering-related bachelor's degrees or higher, then Vaisala may well have

misled its own auditor, and its good faith would be in question. All of this is to say that material questions of fact persist, so summary judgment isn't proper.

To support taking liquidated damages out of the calculus, Vaisala also flags that it asked its outside counsel about the field service engineer exemption and that he, too, authorized the exemption. That argument suffers from a similar defect as the one addressed above. The only evidence of outside counsel advice concerns the same 2009 email chain mentioned above—after the independent auditor responded to the human resources manager, stating that the field engineer exemption was a close question but ultimately proper because Vaisala told him that field engineers "really did need" to be graduate engineers, that response was forwarded to Vaisala's outside counsel. The outside lawyer then drafted a letter for the human resources manager to send to Vaisala's employee explaining why the field engineer position was properly classified as exempt. In the letter, the lawyer relied in part on the 2008 audit and the fact that many of Vaisala's field engineers were graduates at the time of the audit, and if Vaisala's disclosures to its lawyer were false, Vaisala's good faith reliance on its attorney's assessment would be questionable. *See Koellhoffer*, **858 F. Supp. 2d at 1193;** *see also Mumby v. Pure Energy Serv., Inc.*, **636 F.3d 1266, 1270, 1272 (10th Cir. 2011).**

As another basis to preclude liquidated damages, Vaisala points out that a 2013 Department of Labor audit found that its field service engineers were properly classified. Like reliance on outside counsel or reliance on an outside expert, the fact that the Department of Labor reviewed the field service engineer position and ruled it exempt from overtime would be strong evidence against liquidated damages. Vaisala's

5

problem is that it hasn't offered anything from the Department of Labor to indicate whether the Department actually reviewed the field engineer position, instead pointing to an email from the company's president after the audit indicating that the review was likely directed at the field engineer position and not the company's developmental engineers, and that the auditor seemingly found no violations. Vaisala should know that it bears a "substantial burden" to show that it reasonably believed its classification decision to be proper, *Bankston*, **60 F.3d at 1254**, and without a report from the Department of Labor that its auditor actually examined the field engineer position—or at least testimony or an affidavit from the auditor confirming as much—there is an open question of fact about the reasonableness of Vaisala's exemption decision.

As its final argument for closing off liquidated damages, Vaisala points out that Remelius never raised the exemption issue during his tenure with the company, meaning that Vaisala's good faith must be intact. To support that proposition Vaisala relies on two out-of-circuit decisions—*White Star Manufacturing Company v. Nicolle*, **403 F.2d 41, 42 (5th Cir. 1968),** and *White v. Beckman Dairy Company*, **352 F. Supp. 1266, 1270 (W.D. Ark. 1973)**—which both held that supervisory employees who didn't raise the overtime issue with their employer couldn't obtain double damages. Those decisions don't get Vaisala as far as it would like for two reasons. For one, even if those decisions mesh with the Seventh Circuit's view of good faith, they aren't all that helpful to Vaisala when compared to the facts here, as there's nothing to suggest that Remelius held a supervisory post at Vaisala. More fundamentally, those two decisions don't include all that much analysis on the good faith point, and they both are in some

6

tension with the Seventh Circuit's view of good faith in *Walden v. United Consumers Club, Inc.*, **786 F.2d at 311-12**. *Walden* noted that objective criteria should feed into the good faith evaluation, with an eye towards assessing whether the employer's decision to classify a job as exempt looked "aboveboard" and honest to the "reasonable man" famous in tort law. A reasonable man wouldn't see good faith merely because an employer was ignorant of a problem—a "good heart but an empty head does not produce a defense." *Id.* at 312. He could see good faith if there was a lack of complaints from an employee and an objectively honest go by an employer to ascertain whether a position was exempt through an independent audit, regardless of some imperfections in the auditor's conduct. *See Nellis v. G.R. Herberger Revocable Trust*, **360 F. Supp. 2d 1033, 1043 (D. Ariz. 2005).** But there's some doubt as to whether Vaisala made an honest effort at examining the field service engineer exemption, and that foundational doubt precludes summary judgment in Vaisala's favor.

Vaisala also wants summary judgment concerning the damages period available to Remelius, claiming that Remelius has no evidence suggesting willful conduct, and thus can't obtain damages over a three-year period. The statute of limitations for Fair Labor Standards Act violations is typically two years, unless there was a willful violation, and then the limitations period is three years. **28 U.S.C. § 255(a).** Unlike the burden related to liquidated damages, the plaintiff bears the burden of establishing willfulness, meaning that he must show that the defendant either knew he was violating the Act or showed reckless disregard for whether his actions were unlawful under the Act. *Bankston*, **60 F.3d at 1253-54.** Given the switch in burdens as to the

willfulness question, it's easier for a plaintiff to obtain liquidated damages than it is for him to secure a three-year recovery period.  *Walton*, **786 F.2d at 310.**

Vaisala faults Remelius for not offering enough evidence to show willful conduct here, but construing the facts in favor of Remelius, there's just barely enough evidence to preclude summary judgment in favor of Vaisala.  As the Court already said, there's an open question as to whether Vaisala misled its auditor and its outside counsel about the number of engineers who had graduate degrees at the time of the audit.  There are also open questions about the target of the Department of Labor's subsequent review and the findings of its review.  If the Department of Labor's review wasn't targeted at the field service engineer position or if the Department didn't find those jobs exempt—and if Vaisala did mislead its experts during its own previous examinations—the misstatements constitute evidence, minimal as it may be, that Vaisala was reckless with respect to its classification decision.  *See Koellhoffer*, **858 F. Supp. 2d at 1193-94.**  To be sure, the standard for willfulness isn't the same as the standard for liquidated damages, and there are so many "ifs" above that Remelius will have a lot to prove at trial to secure the three-year period of limitations.  But the two standards do involve some overlapping factual issues, so much so that a question of fact in the liquidated damages context can leave an open question as to whether an employer acted recklessly in the willfulness context.  *E.g., Bankston*, **60 F.3d at 1253-54;** *Koellhoffer*, **858 F. Supp. 2d at 1193-94.**  Given the open factual questions concerning Vaisala's review of the field engineer position, granting summary judgment would be a premature move.

8

One closing note is in order concerning a motion that Remelius filed with his response to Vaisala's request for summary judgment. Remelius has asked the Court to strike Exhibits 6 through 8 of Vaisala's request for partial summary judgment pursuant to Federal Rule of Civil Procedure 56(c)(2), which allows a party to "object that the material cited to support or dispute a fact" at the summary judgment phase of the case "cannot be presented in a form that would be admissible in evidence." The Court has assumed that the exhibits in question are admissible for purposes of the summary judgment-related dispute between the parties, and because Vaisala's motion for summary judgment must be denied as to the points relevant to those exhibits even with the benefit of that assumption, there's no need for the Court to rule on admissibility for now. Any effort to strike the material under the summary judgment rule is moot.

To sum up, Vaisala's motion for partial summary judgment (Doc. 28) is **GRANTED IN PART AND DENEID IN PART**: it is granted as to the fluctuating work week point and that method of calculating damages will apply in this case, but it is otherwise denied. In addition, Remelius motion to strike Exhibits 6 through 8 from the summary judgment calculus (Doc. 31) is **DENIED** as **MOOT**.

IT IS SO ORDERED.

DATED: October 6, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**